IN THE UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| HANNAH JOY HECKMAN, | ) |
| Petitioner, | ) |
| v. | ) Case No. 08-1335 |
| DENNY SMITH, Warden, | ) |
| Respondent. | ) |

**ORDER**

This matter is now before the Court on Petitioner, Hannah Joy Heckman's ("Heckman"), Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241. For the reasons set forth herein, the Petition [# 1] is DENIED AS MOOT.

**Background**

Heckman is currently incarcerated at the Federal Prison Camp in Pekin, Illinois. She was convicted in the Southern District of Iowa of Possession with Intent to Distribute Methamphetamine, in violation of 21 U.S.C. § 841(b)(1)(A), and Possession of a Firearm During a Drug Trafficking Offense, in violation of 18 U.S.C. § 924(c)(1)(A). She is serving a 117-month term of imprisonment, 57 months on the Distribution count and 60 months on the Firearms count, to be served consecutively. Her anticipated release date, via good conduct time, is July 24, 2012.

In her Petition, Heckman argues: (1) the Respondent has failed to interview her for possible participation in the Residential Drug Abuse Program ("RDAP"); (2) the Respondent should not be permitted to wait until the last 17 to 19 months of an inmate's sentence to determine the length of the Residential Re-Entry Center ("RRC") placement that the Bureau of Prisons ("BOP") would recommend; and (3) BOP's Program

Statement 5162.04 excluding inmates with a weapons enhancement from receiving a one-year reduction in sentence upon completion of RDAP violates the Administrative Procedures Act ("APA"), and is therefore invalid. Specifically, she cites the Ninth Circuit's decision in *Arrington v. Daniels,* 516 F.3d 1106 (9th Cir. 2008), for the proposition that the rule is arbitrary and capricious because the administrative record contains no adequate rationale for the exclusion. This Order follows.

## Discussion

A petition seeking habeas corpus relief is appropriate under 28 U.S.C. § 2241 when a defendant is challenging the fact or duration of her confinement. *Preiser v. Rodriguez,* 411 U.S. 475, 490, 93 S.Ct. 1827 (1973); *Waletzki v. Keohane,* 13 F.3d 1079, 1080 (7th Cir.1994). The writ of habeas corpus may be granted where the defendant is in custody in violation of the Constitution or laws or treaties of the United States. 28 U.S.C. 2241(c)(3).

The Court must first address whether Heckman has exhausted her administrative remedies. A petition under Section 2241 requires a federal prisoner to exhaust her administrative remedies or show cause why she has not done so before a court will adjudicate a petition for writ of habeas corpus. *Greene v. Meese*, 875 F.2d 639, 641-42 (7th Cir.1989). Exhaustion of administrative remedies requires complete exhaustion, even if the appeals process results in the denial of the requested relief. *Id.* at 642. The Court has reviewed Heckman's administrative remedy requests: all of them relate to her seeking a determination of eligibility for the one-year sentence reduction upon successful completion of RDAP. The Court finds that Heckman's requests do not address her arguments related to whether the Respondent has failed to interview her for

possible participation in the RDAP or whether the Respondent should be permitted to wait until the last 17 to 19 months of an inmate's sentence before determining the length of the RRC placement. Therefore, Heckman has failed to exhaust her administrative remedies related to these arguments. The Court will address Heckman's argument related to whether the BOP's Program Statement 5162.04 violates the APA.

As Heckman is challenging what she perceives to be a violation of the APA, her challenge should more properly have been brought as a civil action pursuant to the APA rather than as a habeas corpus petition pursuant to § 2241. *See Bush v. Pitzer,* 133 F.3d 455, 456-57 (7th Cir. 1997). It is also questionable that Heckman's claim is ripe for adjudication, as she has not had her clinical interview to determine her eligibility for placement in the RDAP program and has not yet been denied an early release. *See Texas v. U.S.,* 523 U.S. 296, 300 (1998) (holding that "[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all.")

However, even assuming that Heckman's claim was properly before the Court, it is now moot. Title 18 U.S.C. § 3621 directs the BOP to provide a residential substance abuse treatment program for prisoners that have been determined to have a treatable condition of substance abuse or addiction. This provision was subsequently amended to provide an early release incentive for prisoners who successfully complete the program in that the BOP "may reduce by up to one year the sentence of a prisoner who (1) was convicted of a nonviolent offense and (2) successfully completes a program of residential substance abuse treatment." *Arrington,* 516 F.3d at 1109, *citing* 18 U.S.C. § 3621(e)(2)(B).

The BOP implemented a regulation, 28 C.F.R. § 550.58, rendering "inmates whose current offense is determined to be a crime of violence as defined in 18 U.S.C. § 924(c)(3)" as ineligible for early release. Program Statement 5162.04 then further restricted eligibility for early release by adding firearms convictions under 18 U.S.C. § 922(g) and drug trafficking convictions under 21 U.S.C. §§ 841, 846 where "the offender received a two-level enhancement for weapons possession under United States Sentencing Commission Guidelines Manual § 2D1.1(b)(1)" to the category of crimes of violence. *Arrington,* 516 F.3d at 1109. It is apparently this last category that applies in this present situation.

Heckman's argument, based on *Arrington,* is that BOP Program Statement 5162.04 is arbitrary and capricious because the BOP did not provide a rationale for excluding from early release those convicted of drug offenses that received an enhancement for weapons possession. *Arrington* was decided in the Ninth Circuit on February 20, 2008.

On January 14, 2009, a new final rule was published in the Federal Register at 74 FR 1892 *et seq,* which finalized three proposed rules on the drug abuse treatment program. The new regulation applies to anyone whose clinical interview (to qualify for participation in RDAP) occurs on or after March 16, 2009. This new rule would apply to Heckman, as her clinical interview has yet to occur. In publishing the new final rule, the BOP provided a more detailed explanation of the reasons for precluding from early release inmates convicted of offenses involving the carrying, possessing, or using of firearms. *See* 74 FR 1892 *et seq.*

> [I]n the correctional experience of the Bureau, the offense conduct of both armed offenders and certain recidivists suggests that they pose a

4

particular risk to the public. There is a significant potential for violence from criminals who carry, possess or use firearms. As the Supreme Court noted in Lopez v. Davis, "denial of early release to all inmates who possessed a firearm in connection with their current offense rationally reflects the view that such inmates displayed a readiness to endanger another's life." Id. at 240. The Bureau adopts this reasoning. The Bureau recognizes that there is a significant potential for violence from criminals who carry, possess or use firearms while engaged in felonious activity. Thus, in the interest of public safety, these inmates should not be released months in advance of completing their sentences.

It is important to note that these inmates are not precluded from participating in the drug abuse treatment program. However, these inmates are not eligible for early release consideration because the specified elements of these offenses pose a significant threat of dangerousness or violent behavior to the public. This threat presents a potential safety risk to the public if inmates who have demonstrated such behavior are released to the community prematurely. Also, early release would undermine the seriousness of these offenses as reflected by the length of the sentence which the court deemed appropriate to impose. *See* Drug Abuse Treatment Program: Subpart Revision and Clarification and Eligibility of D.C. Code Felony Offenders for Early Release Consideration, 74 FR 1892, 1895.

To coincide with the effective date of the new regulation, the BOP rescinded Program Statement 5162.04 (the one challenged by Heckman) and replaced it with Program Statement 5162.05, effective March 16, 2009.

Accordingly, the program statement that Heckman challenges is no longer unsupported by a statement of the BOP's rationale for its categorical exclusion. Her claim would therefore appear to be moot.

## Conclusion

For the reasons stated herein, Heckman's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2241[# 2] is DENIED.  Heckman's claims relating to whether the Respondent failed to interview her for possible participation in the RDAP or whether the Respondent should be permitted to wait until the last 17 to 19 months of an inmate's sentence before determining the length of the RRC placement are dismissed for failure

to exhaust her administrative remedies.  Heckman's claim relating to whether the BOP's Program Statement 5162.04 violates the APA Petition is denied as moot.  This matter is now terminated.

    ENTERED this 24th day of June, 2009.

                                                                                                 s/ Michael M. Mihm
                                                                               Michael M. Mihm
                                                                               United States District Judge